UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| ALI MEHRALIAN,<br><br>Petitioner,<br><br>v.<br><br>DAKOTA COUNTY COMMISSIONER OF COMMUNITY CORRECTION COUNTY JAIL, SHERIFF COMMANDER, WARDEN, DIRECTOR, LIETENANT [sic] HEART & OTHERS, SEARGENT [sic] WINFREE & OTHERS, CORPORAL PEPPKEE & OTHERS, DEPUTIES FROM INITIAL CUSTODIAN, JAIL ADMINISTRATOR, COORDINATOR, JAIL COUNSELOR "HAL," JAIL NURSES, DOCTORS, "MIKE,"<br><br>Respondents. | Civil No. 13-3270 (JRT/JSM)<br><br>**REPORT AND RECOMMENDATION** |

The above-named petitioner commenced this action by filing a self-styled application for a writ of habeas corpus. (Docket No. 1.) The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that this action be dismissed without prejudice.

Petitioner filed his habeas corpus petition on November 25, 2013. This Court previously reviewed the petition and found that it was defective for several reasons. Therefore, in an order dated December 17, 2013, (Docket No. 4), the Court directed petitioner to file an amended habeas corpus petition if he intended to continue to prosecute this action.

The Court's prior order in this case expressly informed petitioner that he must file an amended petition within 30 days – i.e., by no later than January 16, 2014. The order

also expressly informed petitioner that if he did not file an amended petition in a timely manner, he would be deemed to have abandoned this action, and it would be recommended that this case be summarily dismissed pursuant to Fed. R. Civ. P. 41(b).

The deadline for complying with the Court's prior order has now expired, and petitioner has not filed an amended petition, nor has he offered any excuse for his failure to do so. In fact, petitioner has not communicated with the Court on this matter at all since he filed his original habeas corpus petition.

Therefore, it is now recommended, in accordance with the Court's prior order in this case, that petitioner be deemed to have abandoned this action, and that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b). See Henderson v. Renaissance Grand Hotel, 267 Fed.Appx. 496, 497 (8th Cir. 2008) (unpublished opinion) ("[a] district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order"); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (federal court has inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

Having determined that this action should be summarily dismissed, the Court will further recommend that petitioner's pending application to proceed in forma pauperis, (Docket No. 3), be denied as moot.

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Petitioner's application to proceed in forma pauperis, (Docket No. 3), be **DENIED AS MOOT**; and

    2.    This action be **DISMISSED WITHOUT PREJUDICE**.

Dated:    February 7, 2014

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **February 21, 2014**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.